UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL JAMES SILVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:21-cv-00741 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| 13 MANAGEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Daniel James Silva, a pro se North Carolina resident, filed a Complaint purporting to state claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 *et seq.*, against Defendants 13 Management, Jay Schaudies, and Neal and Harwell. (Doc. No. 1.) This is the latest of several cases filed by Plaintiff in this Court alleging pervasive, illegal conspiracies among musician Taylor Swift and various associated individuals and entities.[1] Plaintiff also submitted an application to proceed in forma pauperis that establishes he cannot pay court costs without undue hardship. (Doc. No. 2.) Accordingly, the Court will grant the application and review the Complaint under the standard for cases filed in forma pauperis.

**INITIAL REVIEW OF THE COMPLAINT**

The Court conducts an initial review of the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Pro se complaints are to

---

[1] Four of Silva's cases have been dismissed. *See Silva v. Swift, et al.*, No. 3:20-cv-810; *Silva v. Mullen, et al.*, No. 3:20-cv-938; *Silva v. 13 Mgmt., et al.*, No. 3:21-cv-480; *Silva v. Swift, et al.*, No. 3:21-cv-505. One other recently-filed case is currently pending before another judge of this Court. *See Silva v. Aspen, et al.*, No. 3:21-cv-689.

be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Brown v. Mastauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

Upon initial review, it is readily apparent that the Complaint must be dismissed because it is barred by res judicata. The doctrine of res judicata encompasses both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *See Link v. Sumner Cnty. Jail*, 3:10-cv-0236, 2010 WL 1138029, at *2 (M.D. Tenn. Mar. 19, 2010) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996)). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id*. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Id*. (citing *Montana v. United States*, 440 U.S. 147, 152-54 (1979)). Dismissal with prejudice is considered a final judgment on the merits for purposes of res judicata. *Id*. (citing *Haddad v. Mich. Nat'l Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002)).

In *Silva v. Swift*, Plaintiff brought what purported to be so-called civil RICO claims—*i.e.*, claims brought under 18 U.S.C. § 1964(c), which authorizes civil claims for persons injured by RICO violations—against 13 Management, Jay Schaudies, Neal and Harwell, and others. *See* Case No. 3:21-cv-505 (Doc. No. 11.) Judge Marvin Aspen dismissed the Complaint after concluding

that Plaintiff "fail[ed] to coherently allege that [the] Defendants engaged in RICO violations or demonstrated an illicit agreement to participate in a criminal enterprise," and thus Plaintiff did not demonstrate "that he is entitled to any relief against" those defendants. *Id*. (Doc. No. 16 at 4-5.) In the instant Complaint, Plaintiff appears to have simply restated his RICO claims against Defendants without any discernable difference.[2] Because the Court "has already rendered a final decision on the merits regarding these claims," they are barred by the doctrine of res judicata. *Link*, 2010 WL 1138029, at *2; *see also Mason v. Polster*, No. 1:16-cv-2924, 2017 WL 5713391, at *1 (N.D. Ohio Jan. 24, 2017), *aff'd*, No. 17-3117, 2018 WL 3968215 (6th Cir. May 17, 2018) (explaining that "to the extent the Plaintiff is asking the court to relitigate matters already decided" in a prior case, the "action is barred by res judicata"). Additionally, all theories of recovery related to events that form the basis for the purported RICO claims "that could have been presented to the Court in [P]laintiff's prior lawsuit against these same defendants are barred by the doctrine of res judicata."[3] *Link*, 2010 WL 1138029, at *2.

 Because Plaintiff's claims against Defendants are barred by res judicata, the Complaint fails to state a claim upon which relief can be granted. *See id*. (dismissing pro se complaint barred by res judicata on initial review for failure to state a claim). In any event, even if the Court were to reach Plaintiff's claims, the Complaint is—as in *Silva v. Swift*—far too speculative to plausibly allege the required elements of a RICO claim, and thus is subject to dismissal on that basis. *See*

---

[2] The Complaint also suggests that other parties Silva sued in prior cases have committed RICO violations or other misdeeds. (*See* Doc. No. 1.) However, the face of the Complaint indicates that Plaintiff, a seasoned litigant, in this action sues only 13 Management, Jay Schaudies, and Neal and Harwell. (*Id*.) Accordingly, the Court does not consider whether Plaintiff has stated a claim against anyone else.

[3] Even if res judicata did not require dismissal of this action, this Court has no authority to review or reverse Judge Aspen's rulings or decisions. Rather, Plaintiff may challenge the dismissal of his RICO claims against Defendants in *Silva v. Swift* through an appeal in that case. *See* Fed. R. App. P. 3, 4. The Federal Rules of Appellate Procedure are available online. *See* https://www.uscourts.gov/rules-policies/current-rules-practice-procedure. The Court takes no position on the merit or timeliness of such an appeal.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has offered no additional allegations to plausibly suggest that he is entitled to relief against Defendants under any other coherent legal theory. Accordingly, the Complaint must be dismissed.

## SANCTIONS

The Court may deem a plaintiff who repeatedly files frivolous or malicious lawsuits to be a vexatious litigant and impose pre-filing restrictions to reduce the burden that such litigation places on judicial resources. *Stewart v. Fleet Fin.*, 229 F.3d 1154, 2000 WL 1176881, at *2 (6th Cir. 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Rolle v. Litkovitz*, No. 1:21-cv-552, 2021 WL 4169022, at *4 (S.D. Ohio Sept. 14, 2021). Indeed, the Sixth Circuit has approved issuing injunctive orders "that restrain[ ] not only an individual litigant from repeatedly filing an identical complaint, but that place[ ] limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Feathers*, 141 F.3d at 269. In considering whether to impose a filing restriction or other sanction, the Court appropriately considers, among others things, Plaintiff's history of litigation and in particular whether it entailed "vexatious, harassing or duplicative lawsuits," and whether Plaintiff's conduct includes "efforts to antagonize and harass." *Silva v. Swift*, No. 4:19-cv-286-RH/MJF, 2020 WL 5523400, at *8-9 (N.D. Fla. June 1, 2020) (citations omitted), *report and recommendation adopted in part*, 2020 WL 3287884 (N.D. Fla. June 18, 2020). In addition, Federal Rule of Civil Procedure 11 exists as a check on the filing of even a single frivolous lawsuit. The Court may impose sanctions under Rule 11 if a party files a Complaint in which no claims are warranted by law or fact. *Rolle*, 2021 WL 4169022, at *4 (citing Fed. R. Civ. P. 11(c)).

Prior to filing in this district, Plaintiff conducted a lengthy and concerning litigation campaign against Ms. Swift and related parties in two Florida federal courts. Plaintiff first filed multiple cases in the Middle District of Florida. *See Silva v. TAS Rights Mgmt., LLC*, No. 3:18-cv-688-MMH/JRK, (M.D. Fla. May 25, 2018), *appeal dismissed sub nom.*, *Silva v. Tas Rights Mgmt., LLC*, No. 19-10629 (11th Cir. Apr. 17, 2019); *Silva v. Swift*, No. 3:17-cv-292-J-20MCR (M.D. Fla. July 13, 2017); *Silva v. Swift*, No. 3:17-cv-814-MMH/JRK (M.D. Fla. July 17, 2017); *Silva v. Swift*, No. 3:17-cv-292-HES/MCR (M.D. Fla. Mar. 13, 2017). The judges presiding over these cases catalogued an extensive array of Plaintiff's troubling and contumacious behavior, including numerous unnecessary filings; use of pervasive insults, profane language and other personal attacks on Ms. Swift and others; rambling submissions with no applicability to matters before the court; submissions containing discussions of Plaintiff's personal life and inappropriate thoughts regarding Ms. Swift; and improper and harassing communications and other behavior towards the defendants and their counsel. *See Silva*, 2020 WL 5523400, at *1-4. Notably, after the court entered a protective order, Plaintiff "willfully and egregiously" violated it "by driving from Florida to Tennessee in an attempt to make contact with Taylor Swift." *Id*. at *4. (Doc. 66 at 6). The court found that Plaintiff "drove to the home of Swift's mother . . . and delivered a package containing a cell phone, a photograph, a stuffed animal, and a letter addressed to Swift, inviting her to text him." *Id*. Moreover, Plaintiff sent eleven emails to defense counsel stating these plans and requesting that they facilitate his contact with Ms. Swift, and Plaintiff later stated that he would continue to violate the court's order. *Id*. Plaintiff ultimately admitted in a filing that his lawsuits were "psychological warfare against Swift." *Id*.

Plaintiff then filed suit in the Northern District of Florida, adding claims concerning the handling of his cases in the Middle District. After a magistrate judge recommended that Plaintiff's

first complaint be dismissed on the grounds of res judicata and improper "judge shopping," Plaintiff accused the magistrate judge of violating criminal laws and withdrew the complaint. *See Silva v. Baldridge*, No. 4:19-cv-290-AW/CAS (N.D. Fla. June 21, 2019). Plaintiff filed a second case containing an array of civil and criminal claims (including RICO claims) against Ms. Swift and multiple other defendants. *Silva v. Swift*, No. 4:19-cv-286-RH/MJF (N.D. Fla. June 21, 2019); *see also Silva*, 2020 WL 5523400, at *6. In June 2020, the court dismissed the complaint and sanctioned Plaintiff by enjoining him from filing "any lawsuit, petition, motion, or other claim against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge . . . unless the complaint initiating the lawsuit, petition, motion, or other claim is signed by an attorney." *Silva v. Swift*, No. 4:19CV286-RH-MJF, 2020 WL 3287884, at *1-2 (N.D. Fla. June 18, 2020). The court ordered that the injunction was "not limited to the Northern District of Florida"; applied to Plaintiff's activity "in any court"; and included potential criminal penalties including imprisonment. *Id*.

Several months later, Plaintiff filed his first complaint in this Court; five more complaints have followed over the past year.[4] The Defendants in this action alone have now been sued for essentially the same frivolous claims in three of Plaintiff's six complaints. None of Plaintiff's complaints has yet survived initial review, but all have required the expenditure of finite judicial resources. During this time, Judges of this Court have warned Plaintiff that his conduct as a litigant needed significant and rapid improvement. For example, this Court struck a number of Plaintiff's "troubling" allegations and "personal attacks" that demonstrated "profound disrespect"; noted a "disturbing trend of harassment" after Plaintiff "moved his grudges to this Court"; and referred Plaintiff's filings to the United States Attorney. *Silva v. Swift*, Case No. 3:20-810 (Doc. No. 14 at

---

[4] As in Florida, over time Plaintiff has added to new complaints defendants and claims concerning the handling of his dismissed cases.

2-3.) And in a separate case, Chief Judge Crenshaw referred Plaintiff's filings to the Northern District of Florida for consideration of possible injunction violations and cautioned Plaintiff to avoid further vexatious behavior in this Court that could subject him to sanctions. *See Silva v. 13 Mgmt.*, Case No. 3:21-cv-480 (Doc. No. 10 at 2.)

It is clear that Plaintiff is continuing to abuse the legal process in this district by tendering frivolous civil lawsuits arising from a personal fixation on Ms. Swift and her personal and business associates. Pursuant to the Court's inherent authority to promote the orderly administration of justice, the Court **CAUTIONS** Plaintiff that any further vexatious behavior – including the filing of redundant or frivolous complaints – will result in an order that restricts Plaintiff's ability to file any complaint, lawsuit, or pleading in this district without first obtaining by written motion the Court's permission to do so and paying the full civil filing fee. In such a circumstance, the Court may also exercise its authority to impose any necessary and appropriate sanctions under Rule 11. Should Plaintiff initiate a new case in this Court, he must ensure that any complaint complies with all applicable federal and local rules, including Federal Rule of Civil Procedure Rule 8(a), which requires that a complaint contain a "short and plaint statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Under Rule 8(a), a complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Rule 8(a)).

## CONCLUSION

For these reasons, Plaintiff has not stated a colorable claim against Defendants. The

Complaint will be dismissed with prejudice. An appropriate Order will enter.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE